UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY LYNN HANEL,

                Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case # 17-CV-482-FPG

DECISION AND ORDER

## INTRODUCTION

Tammy Lynn Hanel brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 17, 21. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On October 25, 2011, Hanel protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 236-45. She alleged disability since January 1, 2006 due to major depressive disorder, anxiety, and attention deficit hyperactivity disorder ("ADHD"). Tr.

---

[1] "Tr." refers to the administrative record in this matter.

259, 264. On May 8, 2013, Hanel appeared and testified before Administrative Law Judge Stanley A. Moskal, Jr. ("the ALJ"). Tr. 41-61. On October 11, 2013, the ALJ issued a decision finding that Hanel was not disabled within the meaning of the Act. Tr. 120-34. On February 3, 2015, the Appeals Council remanded the case. Tr. 135-39.

On June 23, 2015, Hanel and a vocational expert ("VE") appeared and testified at a second hearing before the ALJ. Tr. 62-94. On August 7, 2015, the ALJ issued a decision finding that Hanel was not disabled within the meaning of the Act. Tr. 7-33. On April 13, 2017, the Appeals Council denied Hanel's request for review. Tr. 1-6. Thereafter, Hanel commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

2

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ's decision analyzed Hanel's claim for benefits under the process described above. As an initial matter, the ALJ noted that Hanel could not establish disability from her alleged onset date of January 1, 2006 through October 30, 2006, in light of another ALJ's June 26, 2011 unfavorable decision, which the Appeals Council and the District Court upheld. Tr. 15. Thus, the ALJ's decision focused on Hanel's DIB and SSI claims from June 24, 2011 through the date of his decision. *Id.*

At step one, the ALJ found that Hanel had not engaged in substantial gainful activity since June 24, 2011. Tr. 15. At step two, the ALJ found that Hanel has the following severe impairments: osteoarthritis of the hips and knees, ADHD, major depressive, bipolar, and generalized anxiety disorders, and cocaine and alcohol dependence in sustained remission with one relapse of alcohol during the relevant period. Tr. 15-17. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 17-20.

Next, the ALJ determined that Hanel retains the RFC to perform medium work[2] with additional limitations. Tr. 20-26. Specifically, the ALJ found that Hanel can lift, carry, push, and

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

4

pull 25 pounds frequently and 50 pounds occasionally; can stand, walk, and six about six hours in an eight-hour workday; occasionally has postural limitations but can continuously balance and stoop; has no manipulative, visual, or communication limitations; must avoid concentrated exposure to cold temperatures and very loud noises; has mild limitations in daily activities, social functioning, and concentration, persistence, or pace; and has had no episodes of decompensation of extended duration. Tr. 20. The ALJ also found that Hanel can follow and understand simple directions and instructions, perform simple tasks independently, maintain attention, concentration, and a regular schedule, learn new tasks, make appropriate decisions, relate adequately with others, and appropriately deal with stress, but she has mild to moderate impairment performing complex tasks independently. *Id.*

At step four, the ALJ relied on the VE's testimony to determine that Hanel can perform her past relevant work as a small production assembler, shipping clerk, warehouse worker, switch board operator, and file clerk. Tr. 26. The ALJ went on to step five and determined that Hanel can also adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 26-28. Specifically, the VE testified that Hanel could work as a sales attendant and cashier. Tr. 27. Accordingly, the ALJ concluded that Hanel was not disabled within the meaning of the Act. *Id.*

## II. Analysis

Hanel argues that remand is required because the ALJ violated the treating physician rule. ECF No. 17-1 at 18-27; ECF No. 22.[3] Specifically, Hanel asserts that the ALJ committed legal

---

[3] Hanel advances other arguments that she believes require reversal of the Commissioner's decision. However, because the Court disposes of this matter based on the ALJ's violation of the treating physician rule, those arguments need not be reached.

error in failing to give Dr. Gupta's opinion controlling weight. ECF No. 17-1 at 22-27; ECF No. 11. The Court agrees.

**A. Dr. Gupta's Opinion**

On May 19, 2015, Dr. Gupta completed a mental RFC questionnaire. Tr. 547-52. He indicated that he treated Hanel since October 2010. Tr. 547. In assessing Hanel's ability to do unskilled work, Dr. Gupta opined, among other things, that Hanel is "seriously limited" in her ability to remember work-like procedures; understand and remember very short and simple instructions; maintain attention for two-hour segments; maintain regular attendance and be punctual within customary, usually strict, tolerances; sustain an ordinary routine without special supervision; and deal with normal work stress. Tr. 549-550. He also opined that Hanel has "no useful ability to" complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 550.

Dr. Gupta also assessed Hanel's ability to do semiskilled and skilled work. With respect to these types of work, he opined that Hanel's abilities to understand, remember, and carry out detailed instructions; set realistic goals or make plans independently of others; and deal with stress are "limited but satisfactory." Tr. 550-51.

Next, Dr. Gupta assessed Hanel's abilities and aptitudes necessary for "particular types of jobs." He opined that Hanel is "seriously limited" in her ability to interact appropriately with the general public; travel in unfamiliar places; and use public transportation. Tr. 551. He also opined that Hanel has "limited but satisfactory" ability to maintain socially acceptable behavior and adhere to basic standards of neatness and cleanliness. *Id.* Dr. Gupta noted that Hanel has "marked"[4] difficulties in maintaining social functioning and has experienced "repeated" episodes

---

[4] A "marked" limitation is one that "seriously interfere[s] with the ability to function independently, appropriately, and effectively." Tr. 551.

6

of decompensation, each of extended duration. *Id*. He opined that Hanel's impairments or treatment will cause her to be absent from work more than four days per month. Tr. 549.

### B. Treating Physician Rule & the ALJ's Evaluation of Dr. Gupta's Opinion

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); 20 C.F.R. § 416.927. Under this rule, the ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given "controlling" weight, the ALJ must consider: "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, the ALJ summarized Dr. Gupta's treatment notes and opinion and afforded his opinion "no weight." Tr. 19, 24. The ALJ discounted Dr. Gupta's opinion in part because it is "internally inconsistent" and exhibits "inconsistent mental limitations." Tr. 19, 24. Although the ALJ is not required to re-contact a treating physician simply because medical evidence is internally inconsistent, *see Micheli v. Astrue*, 501 Fed. App'x 26, 29 (2d Cir. 2012) (summary order), like when there are "minor or irrelevant inconsistencies," he is required to do so where "a conflict or ambiguity *must* be resolved to make the disability determination." *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 505 (S.D.N.Y. 2014) (emphasis in original); *see id*. ("The applicable regulations required the ALJ to recontact Dr. Bogard. Even under the current amended regulations, which give an ALJ more discretion to determine the best way to resolve the inconsistency or insufficiency based on the facts of the case, the first option is still to recontact the treating physician.") (citations and internal quotation marks omitted). When the ALJ resolves material internal inconsistencies by affording a treating physician's opinion no weight, he "impermissibly engage[s] in his own evaluations of the medical findings." *Id*. (citing *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008)).

In this case, Dr. Gupta's opinion presents several significant ambiguities. First, it appears to state that Hanel is "seriously limited" in her ability to understand and remember very short and simple instructions but that her ability to understand and remember detailed instructions is "limited but satisfactory." Tr. 549-51. Second, Dr. Gupta opined that Hanel is "seriously limited" in her ability to deal with normal work stress, but that her ability to deal with the stress of semiskilled and skilled work is "limited but satisfactory." Tr. 550-51. Finally, Dr. Gupta opined that Hanel's ability to maintain socially acceptable behavior is "limited but satisfactory" but also noted that she has "marked" difficulties in maintaining social functioning." Tr. 551.

8

Based in part on these internal inconsistencies, the ALJ found that Dr. Gupta's opinion was entitled to "no weight." *See* Tr. 19, 24. However, resolution of the inconsistencies at issue in this case is necessary to determine whether Hanel is disabled. *See Rolon*, 994 F. Supp. 2d at 505 (remanding case where treating physician's opinion stated that "the claimant would be able to understand/remember/carry out detailed instructions better than he would be able to do the same given simple instructions," because the "issue had to be resolved in order to determine whether [claimant] was disabled"). The ALJ's rejection of Dr. Gupta's opinion amounts to "an abdication of his duty to develop the record . . . by recontacting the treating source if he required clarification about [his] opinion." *Rodriguez v. Berryhill*, No. 6:17-cv-06048(MAT), 2017 WL 5133342, at *3 (W.D.N.Y. Nov. 6, 2017). Accordingly, the Court finds that remand is required and that, on remand, the ALJ must attempt to re-contact Dr. Gupta to obtain clarification regarding the purportedly inconsistent findings in his opinion.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 21) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 25, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court